## INJUNCTION—PARTIES.

[Hamilton Circuit Court.]

GEORGE W. AND CARRIE E. TOTTON V. J. B. HALL ET AL.

INJUNCTION BINDING ON DEFENDANTS JOINTLY INTERESTED.

An action for injunction in the superior court will bind both of two defendants united in interest, although only one is served; and such action speaks from the giving of the bond under the temporary restraining order.

HEARD ON ERROR.

*Wilby & Wald*; *N. Wright* and *W. O. Mussey*, for plaintiff in error.

*W. E. Bundy*, contra.

SMITH, J.

The superior court dissolved the temporary injunction on the ground that a magistrate obtained jurisdiction by the bringing of a replevin suit before him and the obtaining of service subsequent to the filing of the suit in the superior court but before service had been obtained on all the parties.   The reviewing court holds, however, that the action in the superior court spoke from the giving of the bonds under the temporary restraining order, and that was prior to the bringing of the suit before the magistrate.   It is also held that one of the parties served in the superior court case before the bringing of the suit before the magistrate was united in interest with the other defendant and both are therefore bound.   Judgment reversed.

---

## ASSESSMENTS.

[Hamilton Circuit Court.]

FARRELL V. CINCINNATI.

RIGHT OF SIGNER FOR STREET IMPROVEMENT TO INJUNCTION FOR DAMAGES.

Failure of a full three-fourths of abutting property holders to sign for a street improvement, does not give one who did sign the right to enjoin the assessment or to claim damages.

*F. C. Ampt* and *Corporation Counsel*, attorneys.

The plaintiff signed as an abutting property owner for a street improvement, and then obtained temporary injunction against the collection of the assessment;   *Held*, that failure of a full three-fourths of the abutting property holders to sign did not give the plaintiff the right to enjoin the assessing or to claim damages.